### O'SHAUGHNESSY v. O'SHAUGHNESSY et al.

(Supreme Court, Trial Term, Fulton County. February, 1906.)

COMPROMISE AND SETTLEMENT—OPERATION—ENFORCEMENT.

Where an action of ejectment was discontinued on a stipulation signed by the parties, by which one of the defendants was to have possession of the property, pay all taxes, and keep the property insured and in repair during her life, and a deed was executed in accordance therewith, the life tenant cannot terminate the agreement by consenting to a sale of the land for partition.

Action by Katharine B. O'Shaughnessy against John J. O'Shaughnessy and another. Complaint dismissed.

Matthew Dwyer (J. Keck, of counsel), for plaintiff.
John J. O'Shaughnessy (A. C. Haughton, of counsel), for defendant.

SPENCER, J. The parties claim title to the real property sought to be partitioned. The conveyance is in the ordinary form, except that the habendum, signed by the grantees, declares the estate of each. The parties differ as to its intent and meaning. Prior to this action, the plaintiff, as lessee of the defendant Catherine, brought ejectment against the defendant John J. The action was discontinued upon a stipulation, signed by the parties, by which the defendant Catherine was to have possession of the property, pay all taxes, and keep the property insured and in repair during her life. This stipulation is still in force. The property is so situated that an actual partition cannot be had. The life tenant consents to a sale. I am of the opinion that the action cannot be maintained. Catherine's life estate is coupled with an agreement which runs during her life. She may not terminate the agreement by consenting to a sale. The other parties to the agreement have an interest in its performance by her, and one may not defeat such performance as to the other by bringing partition. Such an action is inconsistent with the terms of the agreement and in violation thereof.

It follows that the complaint must be dismissed, but without costs. Ordered accordingly.